## PRICE v. CLEVELAND PNEUMATIC TOOL CO.

District Court, S. D. New York.

Jan. 28, 1943.

Kaye, Scholer, Fierman & Hays, of New York City (Benj. M. Kaye, of New York City, of counsel), for plaintiff.

Hughes, Hubbard & Ewing, of New York City (George B. Schoonmaker, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

Defendant moves for leave to take depositions prior to answer in order to enable it to plead certain affirmative defenses. Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a motion of this character is addressed to the discretion of the court.

The three affirmative defenses which defendant contemplates interposing are (1) that neither plaintiff nor his assignee is the real party in interest; (2) the suit is brought on behalf of an alien enemy; and (3) the contract which is the basis of the suit has been modified and payment made pursuant to such modification.

The action is for royalties due under a royalty agreement executed between a partnership (of which plaintiff is a member) and the defendant, in Paris, France, in April, 1940.

The only issue before the court is whether the defendant is sufficiently informed of his proposed defenses so as to draw an adequate answer. From an examination of all the papers submitted, as well as the decision in Price v. Gestia et al.,[1] opinion by Judge Collins, Supreme Court, New York County, Special Term, Part I, December 9, 1942, I conclude that the defendant can plead. To permit this examination at this time would in effect result in the defendant's obtaining all the evidence necessary for a trial of the action or a motion for a stay. This is not the function of a deposition to be taken before answer.

After the joinder of issue defendant may examine without leave of the court. The motion is denied.

[1] No opinion for publication.